IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES EDWARD GIVENS, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-12-874
:
WARDEN THOMAS, ET AL., : (Judge Conaboy)
:
    Respondents :

**MEMORANDUM**
**Background**

Charles Edward Givens, a prisoner presently confined at the Federal Prison Camp, Lewisburg, Pennsylvania (FPC-Lewisburg), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondents are FPC-Lewisburg Warden J. Thomas and Director Harley Lappin of the Federal Bureau of Prisons (BOP) and the Department of Justice.[1] Service of the petition was previously ordered.

Petitioner states that he is serving a 121 month sentence which was imposed on August 9, 2004 in the United States District Court for the Western District of New York. According to the Petition, he has been confined at FPC-Lewisburg since April 16, 2010.

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. Accordingly, Warden Thomas will be deemed sole Respondent.

1

His pending action claims entitlement to federal habeas corpus relief on the grounds that the BOP failed to properly interpret 18 U.S.C. § 3585(b) which provides that a federal inmate should be afforded sentence credit for time spent in official detention prior to the date his or her federal sentence commences. Specifically, Petitioner contends that he has been deprived of credit for a period of "4-11 months spent on Home Incarceration." Doc. 1, p. 2. While awaiting trial on his federal charges, Givens states that he was granted his release on bail on July 3, 2002 and placed on house arrest with an ankle bracelet. Relying on United States v. Londono-Cardona, 759 F. Supp. 60 (D. Puerto Rico 1991), Givens concludes that his pre-trial house confinement which allegedly lasted until June 30, 2003 should be considered official detention as contemplated under § 3585.

As relief, Petitioner asks to be afforded 4-11 months of sentence credit and seeks his immediate release to home confinement or a halfway house. This matter is ripe for consideration.

## Discussion

### Administrative Exhaustion

Respondents seek dismissal of the Petition on the grounds that Petitioner failed to exhaust his available administrative

2

remedies. In support of their argument, they have submitted a declaration under penalty of perjury by BOP Management Analyst Andrew Roush. <u>See</u> Doc. 10-1, Exhibit 1. Respondents contend that a review of the BOP's computerized index of administrative remedies reveals that "Givens has not filed any administrative remedies at the institution level, the Northeast Regional level, or the BOP Central Office level while in BOP custody." Doc. 10, pp. 4-5. Roush's declaration similarly provides that Petitioner "has not filed any administrative remedies." Doc. 10-1, Exhibit 1, ¶ 3.

Petitioner counters that due to time constraints and since prison officials failed to respond to his initial attempt to pursue his BOP administrative remedies further pursuit of administrative remedies would be futile. <u>See</u> Doc. 11, p. 1.

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. <u>Young v. Quinlan,</u> 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of

administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The Federal Bureau of Prisons (BOP) has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond. Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. Id. at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the

4

appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

Givens' pending § 2241 petition is dated May 9, 2012,[2] and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). In a more recent ruling, the Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that, like Givens' petition, had been filed before administrative remedies had been exhausted. Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006). Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process. See Ramsey v.

---

[2] See Doc. 1, p. 15.

5

United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.).

Givens indicates that he thereafter filed a BP-8 (informal request) with his Case Manager on October 6, 2011. See Doc. 11, p. 3. This Court agrees that based upon the undisputed record Petitioner, asserted his present claims via an informal request as required under BOP policy.

Petitioner acknowledges that after his informal grievance was denied he requested and was provided with the necessary institutional forms to file BP-9, BP-10, and BP-11 requests. See id. Givens states that he filed a BP-9 on November 30, 2011. When he failed to receive a response, Petitioner indicates that he then filed a sensitive BP-10 and a BP-11 at the same time he initiated this habeas corpus action. Petitioner offers no explanation as to why he waited approximately six (6) months after his alleged submission of a BP-9 before seeking further administrative review.³ Givens' reply also adds the following apparent contradiction, "that I

---

³ As discussed earlier, BOP regulations clearly state that if a prisoner does not receive a response within the time period allotted for reply, he should consider the absence of a response to be a denial at that level.

6

filed the BP-9, but I have the response from the filing." Id. at p. 5.

Based upon the undisputed relevant time line, Petitioner initiated this federal habeas corpus action before completing the final two steps (Regional Director and General Counsel) of the BOP's administrative review procedure. He readily admits that he filed his BP-10 and BP-11 at the same time he filed his pending federal habeas corpus action. Moreover, Petitioner's submissions fail to provide an arguable basis for a determination under the limited Lyons exceptions that he should be excused from the exhaustion requirement.

Under those circumstances, Givens' action is premature under the standards developed in Moscato and Ridley. See Murray v. Grondolsky 2009 WL 2044821 *2 (D.N.J. 2009)( dismissal of § 2241 action for non-exhaustion of administrative remedies); Morgan v. Borough of Carteret, 2008 WL 4149640 *5 (D.N.J. 2008) (dismissal for non-exhaustion of administrative remedies). To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

Moreover, even if the exhaustion requirement was satisfied or excused in the pending case,[4] it is clear that Petitioner is

---

[4] See Cerverizzo v. Yost, 380 Fed. Appx. 115 (3d Cir. 2010).

not entitled to relief.

**Standard of Review**

A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Prisoners may bring habeas corpus petitions to attack either the fact or duration of their confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). However, federal habeas corpus relief is only available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Petitioner is clearly asserting a claim which if proven would affect the duration of his length of confinement, his action is properly brought under § 2241.

As previously discussed, Petitioner relying on Londono-Cardona, asserts that his pre-trial house confinement with an ankle bracelet, which allegedly lasted from July 3, 2002 to June 30, 2003 was official detention as contemplated under § 3585 and warrants an award of sentence credit.

Respondents acknowledge that Petitioner is serving a 120

8

month federal sentence.[5] They add that Givens was released on bond with conditions of home confinement including electronic monitoring on July 13, 2002. Petitioner was taken into federal custody upon his August 4, 2004 sentencing.

The Respondents further note that the BOP previously awarded Petitioner sentence credit for the following time periods: February 1, 2001 (the date of his original arrest); November 15-16, 2001( the date of arrest pursuant to a federal warrant until his initial release on bond); May 25-26, 2002 and June 4 through July 3, 2002 (the date of his re-arrest following the issuance of a federal warrant for violation of pretrial release to the date of his release on bond), a total of 35 days.

Respondents argue that Petitioner's pending request for additional sentence credit for the period of his home confinement with electronic monitoring from July 3, 2002 to June 30, 2003 lacks merit. They note that under the standards announced by the United states Supreme Court in <u>Reno v. Koray</u>, 515 U.S. 50 (1995) Givens' release on bail subject to home confinement and electronic monitoring was not official detention for purposes of § 3585. <u>See</u> Doc. 10, p. 11.

Generally speaking, a federal sentence does not commence

---

[5] On May 18, 2008, the district court reduced Givens' sentence from 121 months to 120 months pursuant to 18 U.S.C. § 3582(c). <u>See</u> Doc. 10, p. 6.

9

until the Attorney General of the United States receives the defendant into custody for service of his or her sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). However, 18 U.S.C. § 3585, provides that a federal prisoner shall be given credit towards service of a term of imprisonment for any time spent in official detention, prior to the date his/her sentence commences, which has not been credited towards service of another sentence.[6] § 3585(b) generally prohibits an award of double credit, in other words, a defendant

---

[6] § 3585. Calculation of a term of imprisonment

    (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

    (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

        (1) as a result of the offense for which the sentence was imposed; or

        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

may not receive credit on his federal sentence for time that has already been credited against another sentence. See <u>Chambers v. Holland</u>, 920 F. Supp. 618, 623 (M.D. Pa.), <u>aff'd</u>, 100 F.3d 946 (3d Cir. 1996).

In the present case, Givens' reliance on <u>Londono-Cardona</u> is clearly misplaced. To begin with, the holding of <u>Londono-Cardona</u> by a district court outside of this circuit is not binding on this Court. Second, the Court of Appeals for the First Circuit which is the circuit court having appellate jurisdiction over the District of Puerto Rico has stated that <u>Londono-Cardona</u> was wrongly decided. See <u>United States v. Zackular</u>, 945 F.2d 423, 425, n. 2 (1st Cir. 1991). Third, and most importantly the United States Supreme Court in <u>Reno v. Koray</u>, a decision issued subsequent to <u>Londano-Cardona</u> and one which is clearly binding on this court, held that a federal inmate was not entitled to credit against his sentence for time spent in community treatment center. The Supreme Court explained that official detention as contemplated under § 3585 refers only to time spent in the custody of the Attorney General. See <u>id</u>. at 2025. Moreover, a criminal defendant released on bail subject to a variety of restrictive conditions is still released and not subject to official detention.

Pursuant to the standards announced in <u>Reno v. Koray</u>,

11

Givens is simply not entitled to § 3585 credit for the period of his home confinement with electronic monitoring regardless of how restrictive those conditions may have been. See <u>Gullinese v. Zickefoose</u>, 2012 WL 4490562 *3 (D. N.J. Sept. 27, 2012)("Petitioner's position (that the BOP erred in denying him credit for the pretrial period he had spent in home confinement) is facially deficient"). An appropriate Order will enter.[7]

                                         /s/ Richard P. Conaboy
                                         RICHARD P. CONABOY
                                         United States District Judge

DATED: JUNE 14th, 2013

---

[7] It is the obligation of this Court to ensure that Givens is given proper sentence credit for every day of his confinement. In the event Petitioner can present facts showing that he has not received credit for time spent imprisoned, he may file a motion for reconsideration within fourteen (14) days of the date of this Order.

12